# Supreme Court of the Navajo Nation

**Kee Redhorse Benally, individually
and as representative of his brothers and sisters,
Plaintiff-Appellant,
v.
Katherine Holtsoi and Sadie Gould,
Defendants-Appellees.
Decided August 4, 1998**

## OPINION

Before TSO, Chief Justice, BLUEHOUSE and AUSTIN, Associate Justices.

Daniel Deschinny Sr., Esq., Window Rock, Arizona, for the Appellant; Lawrence A. Ruzow, Esq., Flagstaff, Arizona, for the Appellees.

Opinion delivered by BLUEHOUSE, Associate Justice.

This case comes before this Court on appeal for the second time. Appellant first appealed the April 10, 1987, final judgment of the Shiprock District Court, which settled a land dispute at the request of appellant that was at the center of the consolidated actions for permanent injunction and forcible entry and detainer. On appellant's motion, this Court dismissed the first appeal on September 10, 1987. *Benally v. Holtsoi*, A-CV-18-87.

On July 27, 1987, appellant filed a motion to reconsider the April 10, 1987, judgment of the district court, citing Rule 23 of the Navajo Rules of Civil Procedure. Rule 23 provides that

> [a]t any time after the final order or judgment, the Court may in the interest of justice reopen a case in order to correct errors or to consider newly-discovered evidence, or for any other reason consistent with justice.

The Shiprock District Court denied appellant's motion for reconsideration on December 1, 1987. The district court found the motion untimely pursuant to Rule 8 of the Navajo Rules of Civil Appellate Procedure (1987). The district court regarded the motion for reconsideration as a post-judgment motion and thereby inferred that the motion for reconsideration was subject to the same 30-day filing requirement as the motions specifically recognized in Rule 8(b).[1] Despite the untimeliness of the motion, the district court reviewed its decision on the merits.

---

1. Under the revised Navajo Rules of Civil Procedure soon to be adopted, the filing deadline for these post-judgment motions will be set for a period less than the current 30-day requirement.

It found no basis for error in its application of the law. Furthermore, the district court found that the appellant had not challenged the factual findings of the district court. Appellant appealed the district court's denial of his motion for reconsideration on December 30, 1987.

The issue before this Court is whether the motion for reconsideration continues to exist as post-judgment relief in civil cases. We hold that the motion for reconsideration was abolished under the Navajo Rules of Civil Appellate Procedure, adopted on March 1, 1987. We therefore dismiss the appeal.

Under Rule 5(d) of the Navajo Rules of Appellate Procedure (1978), the motion for reconsideration was required before civil appeals could be heard. Thus, it was necessary that the motion for reconsideration be timely filed. In practice, however, the motion for reconsideration was procedurally confusing and led to adverse effects on the timeliness of appeals. For example, practitioners often filed motions for reconsideration with the district court on the same date that they filed notices of appeal, thereby creating confusion as to which court had proper jurisdiction. Often, judges failed to rule on motions for reconsideration within five days as required by Rule 5(d) of the Rules of Appellate Procedure (1978). For these reasons, it was omitted and no longer recognized under the Rules of Civil Appellate Procedure (1987).

The Rules of Civil Appellate Procedure expressly recognizes under Rule 8(b) only the post-judgment motions for judgment notwithstanding the verdict, to amend or add findings of fact, to alter or amend the judgment, and for new trial. These post-judgment motions, but not the motion for reconsideration, will be included in the revised Navajo Rules of Civil Procedure due to be adopted soon. The current Navajo Rules of Civil Procedure expressly recognizes under Rule 23 only the post-judgment motion to re-open judgments at the discretion of the judge. A Rule 23 motion differs from other post-judgment motions which are subject to time limitations.

Unlike other jurisdictions, the motion for reconsideration existed as a distinct motion from the other post-judgment motions cited above, appearing to have its origin in Navajo tradition predating the 1978 Navajo appellate rules. Under the 1978 appellate rules, the motion for reconsideration derived its authority solely from Rule 5(d), which required that the motion be filed as a prerequisite to filing an appeal, and it was not raised pursuant to Rule 23. Unlike the motion for reconsideration, a Rule 23 motion can be filed at any time. We hold that the motion for reconsideration has been abolished and cannot be raised as a Rule 23 motion.

This Court will next determine whether the motion appellant filed was really a motion to re-open a judgment "in order to correct errors or to consider newly-discovered evidence, or for any other reason consistent with justice" pursuant to Rule 23.

As grounds for his motion "that the Court reconsider its decision under Rule 23," appellant states that the decision is contrary to statutory rules and case law decisions regarding decisions by grazing committees. Clearly the appellant did

not ask the court to consider newly-discovered evidence. The error that the district court is asked to correct is that it failed to include findings of fact and conclusions of law on issues that never arose during the litigation and upon which no decision was made. Appellant cannot now complain through a Rule 23 motion that the decision and the hearing were improper when the appellant himself requested the district court to hold the hearing and decide the dispute. Appellant's brief in support of the motion presents a question of law more appropriate to appellate argument than the correction of errors under Rule 23 which this Court contemplated in *Zion's First National Bank v. Joe*, 4 Nav. R. 92 (1983):

> Normally, a judge should not consider modifying or vacating a judgment without very serious reasons for doing so and without a specific written motion asking him or her to do so. Of course there may be times when the court discovers a lack of jurisdiction, gross fraud or the need to clarify a judgment without an adverse hearing, but those times are rare....

*Id.* at 93. Because the appellant offered neither an appropriate basis for correction of errors under a Rule 23 motion nor any newly-discovered evidence, the district court properly denied his motion.

Appellant's appeal from the denial of his motion for reconsideration is therefore dismissed.